# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEWIS CORWISE | ) | 3:20-CV-01480 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| *Defendant*. | ) | FEBRUARY 1, 2022 |

## MEMORANDUM OF DECISION
### RE: 28 U.S.C. § 2255 PETITION

Kari A. Dooley, United States District Judge:

Following a plea of guilty, by judgment dated October 2, 2019, Petitioner Lewis Corwise was convicted of possession of a firearm in furtherance of a drug trafficking offense and sentenced to the mandatory minimum period of incarceration of 60 months.  He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on September 30, 2020. Petitioner challenges his conviction asserting that (1) his conviction should be vacated in light of *United States v. Davis*, 139 S. Ct. 2319 (2019); (2) his counsel was ineffective for failing to raise *Davis* as a defense and for failing to seek suppression of certain evidence; and (3) the record is factually and legally insufficient to support Petitioner's conviction.

For the reasons set forth below, the Petition is DENIED.

**Background & Procedural History**

At sentencing, absent objection, the Court adopted the factual content of the Presentence Investigation Report as the Court's findings of fact. Those facts and those to which the Petitioner allocuted at his change of plea are set forth in the Government's opposition to the Petition as follows. Prior to April 5, 2018, a confidential informant purchased heroin from Petitioner. (Resp't Mem. 4, ECF No. 5.) Police subsequently learned that Petitioner was the subject of an extraditable

warrant on an indictment in New York, and that Petitioner had previously been convicted of a felony offense. (*Id.*) On April 5, 2018, the same confidential informant informed police that Petitioner was in possession of a firearm and a large quantity of drugs. (*Id.*) Thereafter, police went to the Norwich apartment where Petitioner was alleged to be located, but before police entered the apartment, Petitioner attempted to flee. (*Id.*) He was eventually arrested outside the apartment. (*Id.*). At the time of his arrest, the police located and seized the following items from the Petitioner's person: a Springfield xD-45 handgun, loaded with eight rounds in the magazine and one chamber; a zip lock bag containing 59.1 grams of heroin, 4.6 grams of marijuana, and 16 glassine bags containing heroine; five cellular telephones; a digital scale; $450 cash; a razor blade; rolling papers, and rubber bands. (*Id.* at 4–5.)

Petitioner was indicted on September 20, 2018 and charged with one count of possession with intent to distribute heroin, MDMA, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), & 841(b)(1)(D); one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) & 924(a)(2); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).[1] On August 1, 2019, Petitioner pled guilty, in accordance with a plea agreement, to count three of the Indictment, possession of a firearm in furtherance of a drug trafficking crime. This Court sentenced the Petitioner to the mandatory minimum period of incarceration of 60-months, to be followed by 4 years of supervised release and a $100 special assessment. Judgement entered on October 2, 2019. The Defendant did not file a direct appeal of his conviction or sentence.

On September 30, 2020, Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. (ECF No. 1.)  In response to an Order to Show Cause as to why the

---

[1] The Petitioner's criminal case was docketed as United States v. Corwise, No. 3:18-cr-00219 (KAD) (D. Conn.).

relief requested should not be granted, the Government filed its response to the Petition on December 7, 2020.  (ECF No. 5.) The Petitioner filed a reply to the Government's response and therein raised several additional clams. (ECF Nos. 6, 7). Therefore, the Court ordered supplemental briefing by the Government to address the newly raised claims. The Government filed its supplemental brief on March 31, 2021. (ECF No. 13.)

**Legal Standard**

Section 2255(a) of Title 28 provides that a federal prisoner may move the court which imposed the sentence to vacate, set aside, or correct that sentence if "the sentence was imposed in violation of the Constitution or laws of the United States," "the court was without jurisdiction to impose such a sentence," "the sentence was in excess of the maximum authorized by law," or "is otherwise subject to collateral attack."  These are "jurisdictional [or] constitutional" issues that create "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *See Hill v. United States*, 368 U.S. 424, 428 (1962). A federal prisoner may also use § 2255 to attack his conviction because "[f]or the purposes of § 2255, the term 'sentence' refers to *both* the prisoner's sentence and underlying conviction." *Fermin v. United States*, 859 F. Supp. 2d 590, 596 (S.D.N.Y. 2012) (citing *Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010)) (emphasis in *Fermin*).

Petitioner bears the burden of proving that a miscarriage of justice occurred. *United States v. Hoskin*, 905 F.3d 97, 103 (2d Cir. 2018); *see also Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995) ("The burden falls therefore falls upon petitioners to demonstrate their entitlement to relief under Section 2255 . . ."). In evaluating a petitioner's claim, "a district court need not assume the credibility of factual assertions . . . where the assertions are contradicted by the record in the underlying proceeding." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009). "Indeed . . .

when the judge that tried the underlying proceedings also presides over the Section 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner." *Id.*

**Discussion**

Petitioner makes several claims in his original § 2255 Petition and in his subsequent submissions.[2] First, Petitioner argues that his conviction and sentence were unconstitutional under the holding of *United States v. Davis*, 139 S. Ct. 2319 (2019). Second, he asserts that his counsel was ineffective for failing to raise any arguments under *Davis*. Third, Petitioner asserts that his counsel was ineffective because he failed, among other things, to seek suppression of certain evidence. Finally, Petitioner appears to challenge the legal and factual sufficiency of his conviction. In response, the Government asserts that Petitioner waived most of these claims and to the extent not waived they are without merit.

*Waiver*

Petitioner's plea agreement included a waiver of his right to collaterally attack his conviction under most circumstances in any proceeding, including one pursuant to § 2255. (Plea Agreement 6, ECF No. 13-2.) Specifically, the plea agreement provides:

> The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

---

[2] Petitioner also moved for the appointment of counsel, a request that the Court denied without prejudice on April 7, 2021. (ECF No. 14.)

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United States*, 841 F.3d 578, 579–80 (2d Cir. 2016) (citations omitted); *see also United States v. Buissereth*, 638 F.3d 114, 118–19 (2d Cir. 2011) (quoting *United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004) ("Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants."). Exceptions to the presumption that a waiver is enforceable are few, but they include (1) when the waiver was not made knowingly, voluntarily, and competently; (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases; (3) when the Government breached the plea agreement; or (4) when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus. *Sanford*, 841 F.3d at 580 (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)) (cleaned up); *see also Frederick v. Warden, Lewisburg Correctional Facility*, 308 F.3d 192, 195 (2d Cir. 2002) (stating that "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured," including plea agreements).

The Petitioner does not assert the applicability of any of these exceptions, and in fact does not even acknowledge, let alone address, the waiver in his plea agreement. Rather, the Petitioner challenges only his conviction, not the guilty plea proceedings by which he was convicted or the sentencing proceeding at which he was sentenced. And insofar as the Court previously determined that the Petitioner knowingly, voluntarily, and competently entered his guilty plea, signed his plea agreement, and therein waived his right to collaterally attack his conviction save for very limited

exceptions—*See* Plea Tr. 18:11–19:2, 29:14–20, 31:10–12, ECF No. 10—any arguments he advances that fall within the scope of the waiver must fail. *See Sanford*, 841 F.3d at 579–80.[3]

### *The Scope of the Waiver*

"[P]lea agreements are to be applied narrowly and construed strictly against the government." *Id.* at 580 (quoting *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001)) (further citations omitted). Nevertheless, the collateral attack waiver at issue covers a wide range of claims. As noted above, Petitioner's plea agreement included waiver of the Petitioner's "right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute." The Petitioner's plea agreement does preserve his right to challenge his conviction on the grounds that his counsel was ineffective, however.

Applying these standards, the Court concludes that all of Petitioner's claims other than those raising a claim of ineffective assistance of counsel are waived. Neither Petitioner's claim that his conviction pursuant to 18 U.S.C. § 924(c)(1)(A) cannot be sustained following the dismissal of the underlying drug trafficking charges nor his claim that there is not a sufficient factual record to support his conviction implicate the ineffectiveness of his counsel. These claims are therefore waived.[4]   Likewise, Petitioner's claim that *United States v. Davis*, 139 S. Ct. 2319

---

[3] Petitioner's off-hand contention that he only took the plea agreement because of the advice of his counsel does not warrant further discussion as it is soundly contradicted by the Petitioner's sworn testimony at the change of plea proceeding. (Plea Tr. *Passim*) And as discussed *infra*, Petitioner does not allege that the advice he received constituted ineffective assistance of counsel.

[4] Aside from being waived, these claims fail on their merits. First, "[t]he plain language of § 924(c) requires only that the predicate crime of violence (or drug trafficking) have [sic] been committed; the wording does not suggest that the defendant must be separately charged with that predicate crime and be convicted of it." *Johnson v. United States*, 779 F.3d 125, 129–30 (2d Cir. 2015). Second, the stipulation of offense conduct signed by the Petitioner reflects that on April 5, 2018, the Petitioner was arrested while in possession "with intent to distribute" heroin, MDMA and marijuana. He stipulated that the drugs he had in his possession were for "distribution." He also possessed a firearm which

(2019) renders his conviction unconstitutional is barred insofar as it challenges the constitutionality of the statute under which he was convicted and sentenced, another claim which the Petitioner specifically waived.

### Ineffectiveness of Counsel

As indicated, the waiver does allow collateral attack on the conviction if based upon a claim that the Petitioner received ineffective assistance of counsel. Petitioner's first argument is that counsel was ineffective because he failed to make any arguments based on *Davis*, and his second, construing his submission quite liberally, is that counsel was ineffective because he failed to pursue a suppression hearing. Neither claim has merit.

A petitioner making an ineffectiveness of counsel claim bears a heavy burden. The petitioner must demonstrate both (1) that counsel's performance was deficient and fell below an objective standard of reasonableness in light of prevailing professional norms and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). As to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (citations and quotations omitted). And as for the second, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding below would have been different." *Puglisi*, 586 F.3d at 215 (citations and quotations omitted).

Where the conviction at issue resulted from a guilty plea, the scope of habeas review of ineffective assistance claims is significantly narrowed. "A defendant who pleads guilty

---

possession he acknowledged was "in furtherance of his drug trafficking activity." Thus, despite his contentions in his petition, the Petitioner's signed stipulation amply supports a finding that there was "legally sufficient proof that the predicate crime was, in fact, committed." *Id.* at 129 (citations omitted). Further, "a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975). As discussed above, the Petitioner does not claim that his plea was involuntary.

unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." *Parisi v. United States,* 529 F.3d 134, 138 (2d Cir. 2008) (quotations omitted); *Whitehead v. Senkowski*, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally, a knowing and voluntary guilty plea precludes habeas corpus review of claims relating to constitutional rights at issue prior to entry of the plea."). A petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards." *United States v. Coffin,* 76 F.3d 494, 497 (2d Cir.1996) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973)) (alteration in *Coffin*). In addition, to establish the *Strickland* prejudice prong a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of guilty pleas, this inquiry necessarily focuses on whether the outcome of the plea process would have been different. *Hill*, 474 U.S. at 59 ("The . . . 'prejudice' . . . requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process"). Indeed, in the context of guilty pleas, a defendant shows prejudice by proving that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on proceeding to trial. *Id.*

Petitioner's claims that his counsel was ineffective for failing to raise any arguments pursuant to *Davis* have no bearing on—and are not alleged to have had any bearing on—Petitioner's decision to plead guilty. Review of this claim is therefore precluded. *See Parisi,* 529 F.3d at 138. Notwithstanding, Petitioner's assertion that his conviction and sentence are unconstitutional under *United States v. Davis*, 139 S. Ct. 2319 (2019), or that his counsel was ineffective for failing to argue the same, is incorrect. *Davis* held that 18 U.S.C. § 924(c)(3)(B),

which defined *crimes of violence*, was unconstitutionally vague.[5] But § 924(c)(3)(B) was not applied or otherwise at issue in Petitioner's sentencing. Petitioner was convicted of carrying a firearm in furtherance of a *drug trafficking crime* as defined in 18 U.S.C. § 924(c)(2), not, a crime of violence as defined in (c)(3). *Davis* therefore had no application to or implication for Petitioner's case. *See Gray v. United States*, 980 F.3d 264, 265 (2d Cir. 2020) (noting that even though § 924(c)(3)(B) is unconstitutional, § 924(c)(3)(A) is still valid). Counsel could not be ineffective for failing to argue otherwise.

While it is not at all clear, Petitioner also appears to assert that he was advised by his counsel to accept the plea deal even though he had requested that counsel seek to suppress evidence against him. The Court construes these allegations liberally as Petitioner articulating an ineffective assistance of counsel claim for failing to bring a motion to suppress and instead advising the Petitioner to plead guilty. (Letter 3–4, ECF No. 6.) Fatal to this claim is that the Petitioner does not allege that this somehow rendered his guilty plea involuntary. But even if the Petition could be construed broader yet to include such a claim by inference, counsel's advice in this regard is entitled to a presumption of reasonableness, *see Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986), and Petitioner offers no factual basis upon which to challenge this presumption. Petitioner does not articulate what evidence he wanted to challenge or the basis upon which suppression should have been sought. *See* Rules Governing § 2255 Proceedings, Rule 2(b)(2) ("The motion must . . . state the facts supporting each ground"); *see also Kimbrough v. Bradt*, 949 F. Supp. 2d

---

[5] Petitioner asserts that *Davis* stands for the proposition that it is "unconstitutional to sentence without predicate offense [sic]." (M. Appoint Counsel 6, ECF No. 7.) He is incorrect. And, as discussed in footnote four, Petitioner can be convicted under 924(c) without being convicted of a predicate offense.

341, 355 (N.D.N.Y. 2013) ("[A] claim of ineffective assistance of counsel must contain specific factual contentions regarding how counsel was ineffective.").[6]

_In Sum_

The Petitioner knowingly and voluntarily pleaded guilty to count three of the indictment. He does not, through this petition, allege that his plea was not voluntary as a result of ineffective assistance of counsel or for any other reason. Indeed, he does not allege that the complained of ineffective assistance had any role whatsoever in his decision to plead guilty. The Petitioner does not allege that he would not have pleaded guilty but for counsel's alleged errors and that he would have otherwise insisted on proceeding to trial. Instead, the Petition raises a singular legal claim based on _Davis,_ and other challenges to the factual basis for the conviction.  The Petitioner has expressly waived these claims in his plea agreement or by pleading guilty, and, to the extent Petitioner offers these claims in the context of an ineffective assistance claim, the claims are untethered to his counsel's representation during the plea negotiation process and the plea proceeding.

**Conclusion**

For the foregoing reasons, no evidentiary hearing is necessary, and the Petition is DENIED. The Court shall not issue a certificate of appealability because the Petitioner has not made a substantial showing of the denial of a constitutional right. _See_ 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to close this file.

---

[6] And given that the bulk of the evidence identified in the stipulation of offense conduct was seized from the Petitioner's person incident to his arrest on an outstanding warrant, it is difficult to imagine what that basis might be. _Cf. Hill_, 474 U.S. at 59 (explaining that "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.").

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of February 2022.

_/s/ Kari A. Dooley_____
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE